[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM: APPEAL FROM PROBATE
The maternal grandmother's pro se Probate Court petition to remove only the mother as guardian of Jeffrey (b. 5/29/98) was granted on April 21, 1999: the court appointed the grandmother and the respondent's brother and sister-in-law as co-guardians. A motion for reconsideration was filed in Probate by the mother. Although the court granted the motion. it denied relief on June 30, 1999, but did enter a specific visitation order. The mother, on May 21, 1999 requested appeal to the Superior Court which was granted by the Probate judge on July 23, 1999. Conn. Gen. Stat. § 45a-186; 45a-187. CT Page 1210
The grandmother filed a resignation here so that the brother and sister-in-law would remain as court appointed guardians. Her resignation was deferred to disposition.
At a dispositional hearing on December 21, 2000, the parties presented an agreement which the court accepted and ordered: the specific visitation was modified to reasonable rights of visitation to the mother; the grandmother's resignation was accepted and the Probate appeal was withdrawn.
Before the appeal was withdrawn, the attorney for the child then requested that this court remove the father as guardian.
In order to remove the father as a guardian, the attorney for the child had filed a Probate form #130 application in the Superior Court on May 12, 2000. The application was sometime referred to as an "amendment" of the Probate appeal even though the "amendment' had never been accepted by the court. The Superior Court had no independent jurisdiction in the absence of a neglect/uncared for petition. Although the referring Probate Court was the appropriate forum for the application, that court had referred the applicant to this court because of the appeal. The father appeared in court on June 15 when he filled out an indigency affidavit so an attorney was appointed for him.
Although there had been a referral of the application to this appeal court and no attorney objected to this court granting the application against the father who was not in court, the court questioned whether it had subject matter jurisdiction in an appeal to consider a request to add the father and then remove him as a guardian. Practice Book § 10-33.Haigh v. Haigh, 50 Conn. App. 456, 460-61, 1998). See Folsom, ConnecticutEstate Practice Probate Litigation, § 7.1., 7.9., 7.10 (1992). After an evidentiary hearing, the court granted the request of the child to remove the father as guardian to confirm sole guardianship in the child's uncle and aunt.
Nevertheless, upon further reflection, this appeal court did not have subject matter jurisdiction to consider the application regarding the father. This appeal court is limited to the appeal issues between grandmother and mother. While the father's presence may have been desirable, the appropriate procedure should have been a Probate application in that court, § 45a-609, 610, 623.
Because the removal of the father was independent of the agreement among the original parties, the agreement stands as the court order.
If any party wishes to contest the court's decision of the paternal CT Page 1211 removal, the clerk will schedule a hearing on a request filed within two weeks of the filing of this memorandum.
SAMUEL S. GOLDSTEIN JUDGE TRIAL REFEREE